## SAMUEL C. KONE'S APPLICATION FOR REINSTATEMENT AS AN ATTORNEY AT LAW.

First Judicial District, Hartford, March Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An application by a disbarred attorney for his reinstatement is addressed to the sound discretion of the Superior Court, and its action thereon will not be disturbed by this court upon appeal unless it clearly appears that the applicant was denied a fair and dispassionate hearing and investigation and a reasonable exercise of the judicial discretion.

Disbarment and suspension from the practice of law are not visited upon offenders as a means or measure of punishment, but to protect the courts and the public from being imposed upon by untrustworthy practitioners. Accordingly, the material question upon an application for reinstatement is not whether the offending attorney has been sufficiently punished, but whether he has reformed and become a safe and fit person to engage in the practice of law.

In the present case the applicant claimed that the trial court had abused its discretion in refusing to reinstate him. *Held* that in view of his deliberate and intentional false testimony, admittedly given upon a former application, the court not only did not abuse its discretion, but could not reasonably have reached any other conclusion.

In re Kone.

An order of suspension for an indefinite period is not objectionable upon that ground.

Argued March 14th—decided April 19th, 1916.

APPLICATION by a suspended member of the bar for reinstatement, brought to and heard by the Superior Court in Hartford County, *Burpee, J.;* facts found and judgment rendered denying and dismissing the application, and appeal by the applicant. *No error.*

*Noble E. Pierce* and *George E. Beers,* for the appellant (applicant).

*Hugh M. Alcorn,* State's Attorney, for the appellee (the State).

PER CURIAM. In 1908 the applicant was suspended from practice in the courts of this State, "until further order of the court," for conduct unbecoming an attorney. Shortly thereafter he presented an application for reinstatement, which was promptly withdrawn without a hearing. In 1910 he presented a second application, which was also withdrawn after the hearing thereon was almost, if not quite, completed. April 21st, 1915, he filed the present application, which, after a full hearing, was denied.

The application thus denied was addressed to the sound discretion of the court, the answer to its prayer was to be determined in the exercise of that discretion, and the determination arrived at may not be disturbed by this court unless it clearly appears that the applicant was deprived of an opportunity to be heard, a fair and dispassionate hearing and investigation, and a reasonable exercise of the judicial discretion. *In re Durant,* 80 Conn. 140, 150, 67 Atl. 497.

No complaint is made, nor can be, that the applicant

was not accorded his full rights in the matter of hearing and investigation. He is, therefore, compelled to rest his cause in this court upon the ground that the Superior Court, upon the evidence before it, abused its discretion in refusing reinstatement. Our review of the record not only fails to establish that contention, but convinces us that, had the court granted the application, it would have failed in its plain duty.

Much was said in the testimony of witnesses in the applicant's behalf before the Superior Court, and in argument here, to the general effect that the applicant had been sufficiently punished for the offence for which he was suspended. That view of the case entirely misconceives the question before the court for decision. Disbarment and suspension from practice are not visited upon offending practitioners as a means or measure of punishment. They are steps taken by the court, whose officer the attorney is, for its own protection and that of the public from the misconduct of untrustworthy men in the exercise of functions of great and intimate concern to both. *In re Durant*, 80 Conn. 140, 147, 67 Atl. 497.

For like reason, the question for determination on an application like this is not one as to the sufficiency of the punishment already suffered by the offending attorney, but one as to the present fitness of the applicant for reinstatement to again exercise the privileges and functions of an attorney as an officer of the court and confidential manager of the affairs and business of others entrusted to his care and keeping, in view of his previous misconduct, his discipline therefor, and any reformation of character wrought thereby or otherwise as shown by his more recent life and conduct.

As bearing upon the answer to be given to that question in the present proceeding, a matter of far more significance and importance than the offence which

In re Kone.

was the occasion of the applicant's suspension, was revealed by the evidence in the disclosure that in his testimony, given upon the hearing on his former application, he, as he now admits, falsified under oath, and so persisted in that falsification, with respect to a distinct and definite fact necessarily within his knowledge, that the conclusion is irresistible that it was intentional and for the purpose of deception. This evidence the court could not ignore; nor in the presence of its revelation could it, within the bounds of reason, find the applicant possessed of such standards of honor and honesty, or such an appreciation of the distinctions between right and wrong in the conduct of men toward each other, as to make him a fit and safe person to engage in the practice of the profession of the law.

Counsel for the applicant, in their reasons of appeal and in argument, assert (1) that the original order of suspension was an improper one, in that a definite period of suspension was not fixed, and (2) that in the form made there was an implication that the suspension was not to be a permanent one, but one for a reasonable time only, if the applicant's conduct meanwhile was proper. We are able to discover no good reason either in law or justice for the first of these propositions. The condition contained in the second is not satisfied in the applicant's case as we have seen.

There is no error.